ORIGINAL

# In the United States Court of Federal Claims

No. 18-1028C

(Filed: July 30, 2018)

**FILED**

**JUL 30 2018**

U.S. COURT OF
FEDERAL CLAIMS

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | )|
|---|---|
| **EDWARD THOMAS KENNEDY,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **UNITED STATES,** | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Edward Thomas Kennedy, *pro se*, Breinigsville, Pennsylvania.

Sean King, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Edward Thomas Kennedy, brings suit against, among others, the United States, the United States Department of Education, various state and private bar associations, law schools, the Law School Admissions Council ("LSAC"), and the Commonwealth of Pennsylvania. Compl. at 1-2. Mr. Kennedy alleges that he suffered various harms, including "trespass, trespass on the case, trespass on the case – vicarious liability, failure to provide a republican form of government[,] and trover." Compl. at 2. He claims that "[t]he . . . United States of America exceeded its jurisdiction by allowing its agencies and employees to deny [him] admission to its [sic] law schools" and that by denying him admission he "was kept in constructive financial imprisonment." Compl. at 2. Specifically, he recounts that he "refused to take t[he] LSAC logic 'games' tests" and "LSAC blocked and/or refused to forward his law school applications to . . . law schools." Compl. at 4. Mr. Kennedy asserts that in this way, defendants "stole access to school and property and funds from [him] and rejected his applications." Compl. at 5. The property allegedly stolen included "private essays, private data, attachments, transcripts from college and graduate school of business (MBA) submitted to . . . LSAC." Compl. at 5 n.2.

7017 1450 0000 1346 4551

As a remedy for these alleged harms, Mr. Kennedy seeks damages of "$1,000 for each day of unlawful behavior[] for each defendant, or $500,000.00 from each defendant, whichever is greater," and for "the injur[ies] caused by defendant[s'] absence of required action, . . . $5,000 for each failure to act, or $500,000.00 from each defendant, whichever is greater." Compl. at 9-10. Mr. Kennedy also seeks, among other things, a declaratory judgment that "defendants have acted contrary to constitutional right, power, or privilege," and an injunction, admitting him to all law schools in the United States "for both Fall 2018 and Fall 2019 [and awarding] tuition and first-class direct and indirect expenses . . . to [him] without charge." Compl. at 10.

Pending before the court is Mr. Kennedy's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 4. Section 1915 permits "any court of the United States" to allow parties to proceed without the payment of fees upon the filing of "an affidavit that . . . the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also* 28 U.S.C. § 2503(d) ("For the purpose of construing [S]ection[] . . . 1915 . . . of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States").

For the reasons stated, the court grants Mr. Kennedy's motion to proceed *in forma pauperis*, but dismisses the complaint under Section 1915(e)(2)(B) and for lack of subject matter jurisdiction under Rule 12(h)(3) of the Court of Federal Claims ("RCFC").

## STANDARDS FOR DECISION

In any case, the plaintiff has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The leniency afforded to a *pro se* litigant with respect to formalities does not relieve such a litigant from satisfying jurisdictional requirements. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Under the Tucker Act, this court has jurisdiction over "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added); *see also Moore v. Public Defender's Office*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").

This court lacks power to award injunctive relief absent specific statutory authorization. *See United States v. King*, 395 U.S. 1, 2-3 (1969) (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 557 (1962)); *United States v. Jones*, 131 U.S. 1, 9 (1889); *United States v. Alire*, 73 U.S. (6 Wall.) 573, 575 (1867); *see also Halim v. United States*, 106 Fed. Cl. 677, 684-85 (2012) (citing *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998)) ("This court has never been afforded the general authority to issue declaratory judgments or to grant injunctive relief."). More specifically, "[t]he Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief." *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013).

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added).

Finally, for plaintiffs proceeding or seeking to proceed *in forma pauperis* under Section 1915, the court may screen their complaint and dismiss it if "the court determines that . . . the action or appeal–is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Where the court determines that a case is frivolous or fails to state a claim upon which relief may be granted, Section 1915 requires the court to dismiss the case "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." 28 U.S.C. § 1915(e)(2).

## ANALYSIS

All of Mr. Kennedy's claims against private or state actors or beyond the jurisdiction of this court. *See Moore*, 76 Fed. Cl. at 620. Mr. Kennedy's claims for declaratory and injunctive relief against any defendant are likewise beyond this court's jurisdiction. *See Halim*, 106 Fed. Cl. at 684-85.

Independently, Mr. Kennedy's claims lack an arguable basis in law, *i.e.*, their "disposition is obvious." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."); *Taylor v. United States*, 568 Fed. Appx. 890, 891 (Fed. Cir. 2014) (citing *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987)) ("A frivolous claim is one 'whose disposition is obvious.'"). There is no arguable basis for the assertion that the United States is responsible for the decisions of private and state law schools to deny admission to applicants who refuse to take a portion of a law school admission exam. *See Nietzke*, 490 U.S. at 319. Mr. Kennedy's claims must be dismissed.

## CONCLUSION

For good cause shown, Mr. Kennedy's motion to proceed *in forma pauperis* is GRANTED. Nevertheless, the court has determined that his claims are beyond this court's subject matter jurisdiction and raise unmeritorious questions of law, and thus DISMISSES his complaint. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge